IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANILO HERNANDEZ-HERNANDEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )    1:26-cv-1233 (AJT-WBP) |
| TODD M. LYONS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

Before the Court is Danilo Hernandez-Hernandez's ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition"), filed on May 7, 2026.

Petitioner is a native and citizen of Honduras, who entered the United States without

inspection on or around September 9, 2001. [Doc. No. 1] ¶ 13. Petitioner has no criminal record

and lives with his partner and her two daughters. *Id.* ¶¶ 15–16. He is active with the Catholic

church and is the primary financial provider for his family. *Id.* ¶ 16. On May 7, 2026, Petitioner

was stopped by ICE officers while driving to work and taken into immigration custody and

transported to Farmville Detention Facility, where he remains detained without the opportunity to

post bond. *Id.* ¶¶ 1, 14–15, 18. Petitioner seeks habeas relief on the grounds that his detention

violates the Immigration and Nationality Act and the Constitution.

On May 10, 2026, in response to a Court order, Respondents submitted that the factual and

legal issues presented in the Petition do not differ in any material fashion from those presented in

*Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16,

2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the

Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section

1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge.

Accordingly, the Petition is GRANTED, and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a); and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to forward a copy of this Order to counsel of record and to terminate the case.

May 12, 2026
Alexandria, Virginia

/s/
Anthony J. Trenga
Senior United States District Judge

2